UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA RUSSELL,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.:  23-CV-20-WVG<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD AND PAYMENT OF ATTORNEYS FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. SECTION 2412(D)** |

Before the Court is the Parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412(d) ("Joint Motion"). (Doc. No. 15.)

Under the Equal Access to Justice Act ("EAJA"), a prevailing party may seek attorney's fees from the Commissioner of Social Security within 30 days of the entry of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id.* Federal Rule of Appellate Procedure 4(a)(1)(B) sets a 60-day deadline to file an appeal in cases where the United States is a party. Fed. R.

App. P. 4(a)(1)(B).

The amount of fees awarded are based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). The hourly rate may not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2022 statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living, was $234.95. "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed June 15, 2022) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6).

Here, judgment was entered in favor of Plaintiff on March 17, 2023 pursuant to sentence four of 42 U.S.C. section 405(g). (Doc. No. 14.) Because the time to file an appeal has since expired, there is a final judgment and the Motion is timely filed. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) ("a successful disability applicant may file for attorneys' fees 30 days after the 60–day appeal period provided for in Rule 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits."). As Plaintiff's counsel performed 3.1 hours of work on this case, which were performed in 2023 under the hourly rate of $234.95, the Court finds the requested fee award is reasonable and fair.

Accordingly, the Court **GRANTS** the Joint Motion and awards to Plaintiff attorney's fees in the amount of $728.34 and costs in the amount of $0.00, subject to the terms of the Joint Motion, including, but not limited to, any offset as determined by the Government.

**IT IS SO ORDERED.**

DATED: June 15, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge